STATE OF NORTH CAROLINA v. CEDRICK L. WILDER

No. COA95-1227

(Filed 15 October 1996)

**1. Narcotics, Controlled Substances, and Paraphernalia § 141 (NCI4th)— trafficking in cocaine—constructive possession—substantial movement**

The trial court did not err by denying defendant's motion to dismiss charges of trafficking in cocaine for insufficient evidence where the evidence showed that an officer observed defendant throw an object into bushes when the car in which he was a passenger was stopped by the police; defendant entered his house and remained for approximately 30 seconds while the officer was waiting for backup; several non-law enforcement individuals were seen searching the bushes where defendant had thrown the package after the police left the area; defendant's neighbor discovered a bag which matched the description given by an officer approximately ten feet from where defendant had stopped and gotten out of the car; and the bag was later determined by the SBI lab to contain 990.3 grams of cocaine. A reasonable mind could rationally conclude that defendant possessed the cocaine, that he gave instructions to the occupants of his house to retrieve it after the police left, and that there was a substantial movement of the cocaine when defendant threw it into the bushes, thus avoiding being caught with the cocaine and making it possible to later retrieve it.

**Am Jur 2d, Drugs and Controlled Substances § 188.**

2. **Narcotics, Controlled Substances, and Paraphernalia § 196 (NCI4th)— trafficking in cocaine by possession —amount not in dispute—no charge on lesser offense of possession**

The trial court did not err in a prosecution for trafficking in cocaine by possession by not instructing the jury on the lesser included offense of possession of cocaine. Trafficking in cocaine by possession requires the possession of at least 28 grams; the uncontradicted evidence here indicated that the bag recovered from the bushes contained 990.3 grams. The only question for the jury was whether defendant had possessed the bag.

**Am Jur 2d, Drugs and Controlled Substances § 188.**

3. **Criminal Law § 429 (NCI4th Rev.)— trafficking in cocaine—prosecutor's argument—defendant's failure to offer evidence**

Defendant's right to due process in a cocaine trafficking prosecution was not denied where defendant did not present evidence and the prosecutor argued that the people who could have told the jury the most about the case did not testify. The trial court properly sustained defendant's objections and gave adequate curative instructions when the prosecutor's remarks implicated the defendant's right not to testify, and the prosecutor's comments regarding the failure of the defendant to call certain witnesses were permissibly directed toward the defendant's failure to offer evidence to rebut the State's case and not toward the defendant's failure to testify.

**Am Jur 2d, Trial §§ 705, 707, 709.**

4. **Criminal Law § 475 (NCI4th Rev.)— trafficking in cocaine—prosecutor's argument—comment on not guilty plea**

The prosecutor's closing argument in a prosecution for trafficking in cocaine did not rise to the level of gross impropriety where the prosecutor's remarks were clearly improper in that they implied that by pleading not guilty in order to put the State to its burden of proving the charge against him, the defendant was really guilty. However, the prosecutor twice noted during closing arguments that defendant was entitled to a presumption of innocence and the trial court after closing arguments properly instructed the jury on the law regarding reasonable doubt, presumption of innocence, and a plea of not guilty.

**Am Jur 2d, Trial §§ 554 et seq.**

STATE v. WILDER

[124 N.C. App. 136 (1996)]

Appeal by defendant from judgment entered 29 June 1995 by Judge Jerry Cash Martin in Surry County Superior Court. Heard in the Court of Appeals 20 August 1996.

*Michael F. Easley, Attorney General, by Robin P. Pendergraft, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Constance H. Everhart, Assistant Appellate Defender, for defendant-appellant.*

WYNN, Judge.

On 30 November 1994, Elkin police officer Chris Cave stopped the vehicle in which the defendant, Cedrick L. Wilder, was a passenger approximately 150 to 200 feet from defendant's home. The defendant was suspected of being involved in a shooting incident. From approximately 100 to 150 feet behind the defendant's stopped car, Officer Cave observed the defendant throw a rough-shaped, predominantly white object from the car into the bushes. The defendant then exited the car and approached Officer Cave's car yelling and waving his arms. Officer Cave, concerned that the defendant might have a weapon, moved his patrol car away from defendant and called for back up. The defendant then entered his house and remained inside for approximately thirty seconds. Upon exiting the house, he again began shouting, waving his arms and walking toward Officer Cave and Officer Collins, who had arrived as back-up. Officer Easter arrived after obtaining a search warrant for defendant's house and any vehicles on the premises. He calmed the defendant and asked him what was going on. The defendant responded "Dope. It's all over dope." A number of items were seized in a search of the defendant's house including razor blades and plastic bags, one of which was later determined to contain cocaine residue. From their patrol car, Officer Cave and Sergeant Chris Swaim used a flashlight and the vehicle's spot lights to search the bushes for the package the defendant had thrown; however, they were unable to find the package.

A neighbor, James Edward Vestal, saw the police searching along the road. After the police abandoned their search, Mr. Vestal searched the bushes himself and found a white plastic bag, approximately five inches wide and eight inches long, wrapped with duct tape, which he took into his home. He later observed several people, not police officers, searching the same bushes. Mr. Vestal telephoned Officer Roger Smith who drove to Mr. Vestal's house and retrieved the package. The

SBI lab later determined that the bag contained 990.3 grams of cocaine.

The defendant was indicted for trafficking in cocaine by transporting more than 400 grams of cocaine and trafficking in cocaine by possessing more than 400 grams of cocaine. At trial, the defense rested without presenting any evidence and the defendant's motion to dismiss due to insufficient evidence was denied. A jury convicted the defendant of two counts of trafficking in more than 400 grams of cocaine, as charged. The defendant appeals from that judgment.

The issues before this Court are: (I) Whether the trial court erred in denying defendant's motion to dismiss based upon the insufficiency of the evidence, (II) Whether the trial court erred by failing to instruct the jury on the lesser included offense of possession of cocaine, and (III) Whether the defendant was denied his right to due process by the prosecutor's comments during closing argument. We find no prejudicial error.

I.

[1] Defendant first contends the trial court erred in denying his motion to dismiss based upon the insufficiency of the evidence. In ruling on a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State, and allow the State the benefit of every reasonable inference. *State v. Brown,* 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). The State must offer substantial evidence of defendant's guilt on every essential element of the crime charged. *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The defendant was charged with drug trafficking by possessing more than 400 grams of cocaine and drug trafficking by transporting more than 400 grams of cocaine. Under N.C. Gen. Stat. § 90-95(h)(3) (1993), a person who sells, manufactures, delivers, transports, or possesses 28 grams or more of cocaine commits the felony of trafficking in cocaine. It is a Class D felony if the quantity of cocaine is 400 grams or more. N.C.G.S. § 90-95(h)(3). Defendant maintains that the evidence was insufficient to show that he either possessed or transported the cocaine recovered by the police.

A conviction for trafficking in cocaine by possession requires that the State prove either actual or constructive possession. *See State v. Harvey,* 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). Constructive possession occurs when a person lacks actual physical possession, but

nonetheless has the intent and power to maintain control over the disposition and use of the substance. *State v. Givens*, 95 N.C. App. 72, 76, 381 S.E.2d 869, 871 (1989).

In the subject case, the evidence showed that Officer Cave observed the defendant throw an object into the bushes when the car in which he was a passenger was stopped by the police. Mr. Vestal, defendant's neighbor, discovered a bag, which matched the description given by Officer Cave, in the bushes approximately ten feet from where defendant had stopped and gotten out of the car. This bag was later determined by the SBI lab to contain 990.3 grams of cocaine. Considering this evidence in the light most favorable to the State, a reasonable mind could rationally conclude that the defendant possessed the cocaine.

A conviction for trafficking in cocaine by transportation requires that the State show a "substantial movement." *State v. Greenidge*, 102 N.C. App. 447, 451, 402 S.E.2d 639, 641 (1991). Determining whether there has been a "substantial movement" involves a consideration of all the circumstances surrounding the movement, including its purpose and the characteristics of the areas involved. *Id.*

In this case, the evidence showed that while Officer Cave was waiting for back-up, defendant entered his house and remained for approximately 30 seconds. The evidence also showed that after the police left the area, several non-law enforcement individuals were seen by Mr. Vestal searching the bushes where the defendant had thrown the package. A reasonable mind could conclude that when the defendant entered his house, he gave instructions to the occupants to retrieve the cocaine from the bushes after the police left. A reasonable mind could further conclude that there was a "substantial movement" of the cocaine when the defendant threw the cocaine into the bushes thus avoiding being caught with the cocaine and making it possible to later retrieve it for his subsequent use and benefit.

Since there was substantial evidence of each element of the offense when considered in the light most favorable to the State, the trial court properly denied the motion to dismiss and submitted the charge to the jury.

II.

[2] Defendant next contends the trial court erred by failing to instruct the jury on the lesser included offense of possession of cocaine. The trial court must instruct the jury regarding a lesser

included offense when "the evidence would permit a jury rationally to find [the accused] guilty of the lesser offense and acquit him of the greater." *State v. Strickland*, 307 N.C. 274, 286, 298 S.E.2d 645, 654 (1983) (quoting *Beck v. Alabama*, 447 U.S. 625, 635, 65 L. Ed. 2d 392, 401 (1980)). Trafficking in cocaine by possession requires the possession of at least 28 grams of cocaine. N.C.G.S. § 90-95(h)(3). Possession of cocaine is a lesser included offense of trafficking in cocaine. *See State v. King*, 99 N.C. App. 283, 289, 393 S.E.2d 152, 156 (1990).

The evidence presented in this case indicated that the white bag recovered from the bushes contained 990.3 grams of cocaine. This evidence was uncontradicted. Since the quantity of cocaine in the bag was not in dispute, the only question for the jury to resolve was whether the defendant had possessed that bag. Therefore, the trial court was correct in refusing to instruct the jury on the lesser included offense of possession.

## III.

[3] Defendant also contends he was denied his right to due process by the prosecutor's comments during closing argument. During closing argument, the prosecutor stated, "[a]lso please take note that people who can tell us most about this, they didn't have them brought in. You haven't heard from the defendant's wife, Adrian Wilder." The defendant's objection was overruled. The prosecutor went on to say, "Ms. Wilder is here in the courtroom. You didn't hear from them. You didn't hear from anyone." The defendant again objected and the judge sustained the objection saying:

> The jury is to disregard the argument of counsel for the state that you did not hear it from anyone. The Court rules counsel's remarks are improper comment on the defendant's right not to testify. The defendant in this case has not testified. The law of North Carolina gives him this privilege. The same law also assures him his decision not to testify creates no presumption against him. Therefore, his silence is not to influence your decision in any way.

While it is constitutionally impermissible for a prosecutor to comment on the failure of a defendant to testify at trial, "it is permissible for the prosecutor to bring to the jury's attention 'a defendant's failure to produce exculpatory evidence or to contradict evidence presented by the State.'" *State v. Williams*, 341 N.C. 1, 13, 459 S.E.2d 208, 216 (1995) (citations omitted), *cert. denied*, 133 L. Ed. 2d 870

(1996). In this case, the trial court properly sustained the defendant's objections and gave adequate curative instructions to the jury when the prosecutor's remarks implicated the defendant's right not to testify. The prosecutor's comments regarding the failure of the defendant to call certain witnesses were permissibly directed toward the defendant's failure to offer evidence to rebut the State's case and not toward the defendant's failure to testify. *See Williams*, 341 at 14, 459 S.E.2d at 216. Therefore, the trial court properly overruled the defendant's objections.

[4] Although the defendant did not object at trial, he also assigns as error the following remarks by the prosecutor during closing argument:

> Now, ladies and gentlemen of the jury, you know, when you walk into this courtroom and you hear a defendant plead not guilty what do you automatically think? I remember the first time I walked in a courtroom and a defendant did that. Hair stood up on the back of my neck and I said, the man said he didn't do it. You have a right to know this. And the defense counsel has pointed this out to you. And I'm sure they will again. This defendant has the right to presumption of innocence. You have a right to understand what that really means. There are two ways you plead not guilty in this country. One of them is you say, I didn't do it. But there's another way the. [sic] [o]ther way says, let's see if the people of the State of North Carolina can prove I did it. Unless and until they can turn through all the hoops, jump though all the hurdles, do all the things that need to be done, I'm still presumed innocent. He has a right to that. But you have a right to know which way is this defendant going. Ask yourselves back in the jury room, which way is this defendant going? Is he really saying, I didn't do it, or is he saying, can the State of North Carolina prove it?

To properly preserve for appeal an alleged error in the prosecutor's closing argument to the jury, an objection should be made before the verdict. *State v. Sanders*, 327 N.C. 319, 342, 359 S.E.2d 412, 427 (1990), *cert. denied*, 498 U.S. 1051, 112 L. Ed. 2d 782 (1991). "In the absence of such objection, [the appellate court] will review the prosecutor's argument to determine only whether it was so grossly improper that the trial court abused its discretion in failing to intervene *ex mero motu* to correct the error." *Id.* (quoting *State v. Allen*, 323 N.C. 208, 226, 372 S.E.2d 855, 865 (1988)).

**STATE v. WILDER**

[124 N.C. App. 136 (1996)]

In this case, the prosecutor's remarks were clearly improper in that they implied that by pleading not guilty in order to put the State to its burden of proving the charge against him, the defendant was really guilty. Such an argument undermines the presumption of innocence which the defendant is guaranteed. Therefore, we must determine whether, considering all the circumstances, the prosecutor's argument rose to the level of gross impropriety.

In *State v. Corbin,* 48 N.C. App. 194, 198, 268 S.E.2d 260, 263, *disc. review denied,* 301 N.C. 97, 273 S.E.2d 301 (1980), this Court found that a prosecutor's argument to the jury that a juror could not believe a person was guilty without also believing it beyond a reasonable doubt, was an erroneous statement of the law, and was improper. However, this Court held that since the trial court properly instructed the jury as to reasonable doubt, the error was not so prejudicial as to require a new trial. *Id.* In *State v. Hardy,* 299 N.C. 445, 453, 263 S.E.2d 711, 717 (1980), the Supreme Court held that a prosecutor's remark during closing argument which implied that the defendant had to prove his innocence, was not "so extreme or clearly calculated to prejudice the jury so that the trial judge should have *ex mero motu* instructed the jury to disregard the remark." The Court went on to note that:

> Whatever error there may have been, it was cured when the trial judge instructed the jury during his charge at the close of the final arguments that the jury was to understand and apply the law as the judge gave it to them. He then immediately, completely and accurately instructed the jury regarding the defendant's presumption of innocence.

*Id.* at 453-54, 263 S.E.2d at 717.

In the case before us, the prosecutor twice noted during closing arguments that the defendant was entitled to a presumption of innocence. More importantly, after closing arguments the trial court properly instructed the jury on the law regarding reasonable doubt, presumption of innocence, and a plea of not guilty. Considering all the circumstances, we find that the prosecutor's argument, while admittedly improper, did not rise to the level of gross impropriety. Accordingly, we find no prejudicial error.

No error.

Judges JOHNSON and LEWIS concur.