STATE OF NORTH CAROLINA v. RANDY ANTONE BURNETTE

No. COA02-1157

(Filed 1 July 2003)

**1. Jury— motion for new jury denied—no transcript in record—no appellate review**

The lack of a transcript of a jury voir dire prevented appellate review of whether the trial court abused its discretion in denying defendant's motion to impanel another jury. The trial court's discretion in impaneling a jury will not be disturbed absent a showing of abuse of discretion, and the appellant has the burden of providing a record which allows proper review.

**2. Evidence— destroyed by police dog—no evidence of bad faith**

An officer's disposal of the remaining pieces of a plastic bag destroyed by a police dog did not result in the dismissal of an indictment for cocaine possession. There was no evidence of bad faith. N.C.G.S. § 15-11.1.

**3. Drugs— possession of cocaine—evidence sufficient**

There was sufficient evidence of possession of cocaine with intent to sell and deliver where an officer saw defendant reach into his pants; the officer asked that defendant open his pants; the officer saw a plastic bag; defendant grabbed part of the bag and threw it down, then ran; defendant was apprehended in a

STATE v. BURNETTE

[158 N.C. App. 716 (2003)]

thicket; and a drug dog found and destroyed a plastic bag with the narcotics in the thicket.

## 4. Drugs— possession of paraphernalia

There was sufficient evidence of possession of drug paraphernalia where razor blades were found in a jacket lost by defendant when he was running from police and a set of digital scales was found in a vehicle which officers had seen defendant driving.

Appeal by defendant from judgment entered 3 April 2002 by Judge Wade Barber in Orange County Superior Court. Heard in the Court of Appeals 5 June 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General Robert T. Hargett, for the State.*

*George E. Kelly, III for defendant.*

TYSON, Judge.

Randy Antone Burnette ("defendant") appeals his jury conviction and sentence for possession of cocaine, possession of drug paraphernalia, and resisting a public officer. We find no error.

## I. Background

Carrboro Police were called to the scene of a fight in the parking lot of a Pantry store in the early morning of 22 October 2001. Corporal Seth Everett was the first officer on the scene and immediately recognized Carlos Negrete and defendant as two of the three men fighting. Defendant was wearing blue jeans and a jacket. The third man was identified as a "running buddy" of Negrete. While another officer dealt with the third man, Corporal Everett ordered defendant and Negrete to the ground.

As he was handcuffing Negrete, Corporal Everett noticed defendant "with his hands start going in his belt buckle like this underneath his pants, putting something in his pants underneath his belt." Concerned for his safety, Corporal Everett asked defendant what he had put into his pants. After defendant stated he had nothing in his pants, Everett asked defendant to show him. Defendant opened his pants and Corporal Everett observed "a baggie sticking directly out of his—like a corner of a sandwich baggie sticking directly out of his underwear." After Corporal Everett asked defendant what was in the

bag, defendant reached into his pants, made a fist, threw part of the baggie to the ground, and ran.

The officers chased defendant without ever losing sight of him into the woods. Defendant's coat came off during his flight. Defendant ran into a barbed wire fence in the woods, fell down, and crawled into a thicket of briars. The officers dragged defendant out of the thicket and placed him under arrest.

Corporal Everett did not find the plastic baggie when defendant was searched. A K-9 unit arrived at the scene and located crack cocaine "[e]xactly where [defendant] had buried himself in the thicket." During the search of the woods, the police dog, Xaro, found a baggie with the narcotics, but destroyed it. The remaining pieces of the baggie were ultimately thrown away by Corporal Everett.

Xaro also searched a vehicle at the scene which officers identified as belonging to defendant. Officer Josh Wood testified that three weeks before the incident, he had stopped defendant driving the vehicle because it had a broken taillight.

Officer Lori Watkins searched the coat defendant was wearing before he fled and lost during his flight. She found four straight razor blades wrapped in brown security wrapping. Officer Watkins also searched the vehicle which she had seen defendant driving on multiple occasions. She found a set of digital scales inside the vehicle.

Defendant did not present any evidence. The charges of (1) possession with intent to sell and deliver cocaine and the lesser included offense of possession of cocaine, (2) possession of drug paraphernalia, and (3) resisting a public officer were submitted to the jury. The jury convicted defendant of possession of cocaine, possession of drug paraphernalia, and resisting a public officer. Defendant admitted to being an habitual felon pursuant to a plea agreement to consolidate the charges and to sentence in the mitigated range. Defendant appeals.

## II. Issues

Defendant contends the trial court erred in (1) denying defendant's motion to repanel the jury (2) denying defendant's motion to dismiss the indictment based on destruction of evidence and (3) denying defendant's motion to dismiss for insufficient evidence.

STATE v. BURNETTE

[158 N.C. App. 716 (2003)]

### III. Motion to Repanel the Jury

**[1]** During *voir dire,* a potential juror stated that she knew defendant through her brother. It was later developed by the State that the juror's brother had been involved in a controlled substance offense. Defendant objected and moved for a new jury to be selected. The trial court denied defendant's motion. Defendant contends that the jury was given "information obviously prejudicial—that defendant had a friendship with a convicted drug related offender" prior to being empaneled and that the trial court erred in denying defendant's motion. We disagree.

The record does not contain a transcript of the jury *voir dire* only the restatement by defendant's counsel on the record of what transpired. The trial court has broad discretion to see that a competent, fair, and impartial jury is impaneled, and its rulings in that regard will not be reversed absent a showing of abuse of its discretion. *State v. Harris,* 283 N.C. 46, 48-49, 194 S.E.2d 796, 797, *cert. denied,* 414 U.S. 850, 38 L. Ed. 2d 99 (1973). The appellant has the burden of providing a record which allows the appellate courts to properly review the assignment of error. *Jackson v. Housing Authority of High Point,* 321 N.C. 584, 585, 364 S.E.2d 416, 417 (1988). We are unable to determine whether the trial court abused its discretion in denying defendant's motion without a transcript. This assignment of error is overruled.

### IV. Destruction of Evidence

**[2]** Defendant contends the trial court erred in denying defendant's motion to dismiss the indictment against him on the grounds that the arresting officers destroyed evidence when they deliberately threw the pieces of plastic bag allegedly containing the drugs found in a thicket into the trash. Defendant asserts his rights to due process were violated under the U.S. and N.C. Constitutions.

N.C. Gen. Stat. § 15-11.1 (2001) requires law enforcement officers to "safely keep [property seized pursuant to lawful authority] under the direction of the court or magistrate as long as necessary to assure that the property will be produced at and may be used as evidence in any trial." In *Arizona v. Youngblood,* 488 U.S. 51, 102 L. Ed. 2d 281 (1988), the Supreme Court held "that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law" and does not require a dismissal of the indictment. 488 U.S. at

58, 102 L. Ed. 2d at 289. Our State adopted the reasoning and bad faith requirement of *Youngblood* in *State v. Hunt*, 345 N.C. 720, 483 S.E.2d 417 (1997).

The trial court found the plastic bag was "intentionally destroyed" but also found no evidence of bad faith on the part of law enforcement. Defendant has failed to provide any evidence or argument that Corporal Everett acted with bad faith. Without a showing of bad faith, the failure to preserve potentially exculpatory evidence does not constitute a denial of due process. This assignment of error is overruled.

## V. Insufficient Evidence

Defendant contends the trial court erred in denying his motion to dismiss the charges of possession of cocaine with intent to sell and deliver and possession of drug paraphernalia.

The State must submit substantial evidence of every element of the crimes charged in order to survive a motion to dismiss. *State v. Bruton*, 344 N.C. 381, 387, 474 S.E.2d 336, 341 (1996). " 'Substantial evidence is evidence from which any rational trier of fact could find the fact to be proved beyond a reasonable doubt.' " *State v. McDowell*, 329 N.C. 363, 389, 407 S.E.2d 200, 215 (1991) (quoting *State v. Sumpter*, 318 N.C. 102, 108, 347 S.E.2d 396, 399 (1986)). The evidence is to be viewed in a light most favorable to the State and the State is entitled to every reasonable inference from the evidence. *Id.* (citing *State v. Earnhardt*, 307 N.C. 62, 296 S.E.2d 649 (1982)).

## A. Possession of Controlled Substance

[3] Defendant was charged with possession of cocaine with the intent to sell and deliver under N.C. Gen. Stat. § 90-95(a)(1) and convicted of and sentenced for the lesser included offense of felony possession of cocaine under N.C. Gen. Stat. § 90-95(d)(2). The elements of felony possession are (1) defendant (2) knowingly possesses (3) cocaine.

The State presented evidence that defendant reached into ·his pants and opened his pants at the request of law enforcement officers. Corporal Everett noticed part of a plastic bag sticking out of defendants' underwear. Defendant reached in, made a fist, grabbed part of the plastic bag, tore it, threw it to the ground, and ran. Corporal Everett pursued defendant and never lost sight of him. When defendant was apprehended after falling and crawling into

the thicket, he did not have possession of the plastic bag. Xaro located crack cocaine in the same location where defendant fell. The cocaine was found inside a plastic bag which had been shredded by Xaro.

Taken in a light most favorable to the State and with all reasonable inferences taken therefrom, sufficient evidence that defendant knowingly possessed cocaine was presented to survive defendant's motion to dismiss.

### B.  Possession of Drug Paraphernalia

[4] Defendant also was charged with and convicted of possession of drug paraphernalia in violation of N.C. Gen. Stat. § 90-113.22. Possession may be either actual or constructive. "It is not necessary to show that an accused has exclusive control of the premises where paraphernalia are found, but 'where possession . . . is nonexclusive, constructive possession . . . may not be inferred without other incriminating circumstances.' " *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987) (quoting *State v. Brown*, 310 N.C. 563, 569, 313 S.E.2d 585, 589 (1984)).

The State presented evidence that defendant was wearing a jacket that night while fighting at the Pantry. Defendant lost the jacket while he ran and was being pursued by the police. Officer Watkins testified that she searched the jacket she saw defendant wearing that night. She found four straight razor blades wrapped in brown wrapping.

Officer Watkins found a set of digital scales inside a vehicle located at the Pantry. She had seen defendant driving the same vehicle on multiple occasions. Officer Wood stopped defendant driving the same vehicle three weeks prior to this arrest. Taken in a light most favorable to the state, there is sufficient evidence to show defendant possessed drug paraphernalia. This assignment of error is overruled.

### VI.  Conclusion

Defendant has failed to show the trial court abused its discretion in denying defendant's motion for a new jury. The trial court did not err in denying defendant's motions to dismiss for violation of defendant's due process rights or for insufficient evidence. Defendant's trial and sentencing were free from errors which he assigned and argued.

No error.

Judges McGEE and CALABRIA concur.