STATE OF NORTH CAROLINA
v.
CARLOS SANTANA WINCHESTER.
No. COA06-643
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Kay Linn Miller Hobart, for the State.
Anne Bleyman for Defendant-Appellant.
McGEE, Judge.
Carlos Santana Winchester (Defendant) was indicted on charges of trafficking in drugs, possession of drug paraphernalia, maintaining a place to keep controlled substances, and possession with intent to sell or deliver a controlled substance on 29 November 2004. The facts relevant to Defendant's appeal are as follows: the Charlotte-Mecklenburg Police Department executed a search warrant on an apartment in Charlotte, North Carolina on 10 November 2004. Earlier in the day, undercover officers had purchased narcotics at the apartment. Upon entering the apartment, Officer Owen Lester found Defendant alone in a bedroom. Officer Lester frisked Defendant and found a large wad of money in his left-front pocket. Among the bills found in Defendant's possession were two marked bills that had been used by undercover officers when they purchased narcotics at the apartment. Officer Lester then searched the room in which Defendant was found. Officer Lester found a scale, baggies, razor blades, a compact disc case with residue on it, mail addressed to Defendant, a freezer bag full of marijuana, and crack cocaine. The drugs were found in a white Blockbuster bag in Defendant's closet.
After the search, and while in police custody, Defendant made the following statement:
I have lived at my apartment since March of 2002. I have been selling cocaine from the apartment since November of 2003. I have sold 1.5 ounces of cocaine a week at that time.
I use marijuana, and my roommate, Bernard Geary, sells cocaine and marijuana also. I had a package of cocaine and marijuana in my bedroom closet. The package was a big chunk of cocaine, a package of dimes, and a quarter pound of weed.
The packages were in a white Blockbuster bag in the left corner of my closet. I put it there, and it was what I was selling out of my apartment.
My aunt, Marianne Winchester, has done transactions for me and Bernard, but she does not profit from it at all.
Defendant was convicted of trafficking in cocaine, possession of drug paraphernalia, misdemeanor maintaining a dwelling for keeping or selling controlled substances, and possession of marijuana. The convictions were consolidated for judgment and Defendant was sentenced to a term of thirty-five to forty-two months in prison. Defendant appeals. Defendant first argues that the trial court erred by failing to instruct the jury on the lesser-included offense of possession of cocaine. Defendant contends that there was conflicting evidence regarding the weight of the cocaine seized by police. Thus, because the jury could have concluded that Defendant possessed less than the amount required to convict him of trafficking, Defendant asserts that the trial court should have instructed the jury on the lesser included offense of possession of cocaine.
In State v. Wilder, 124 N.C. App. 136, 141 , 476 S.E.2d 394, 398 (1996), this Court found that the trial court did not err by declining to instruct the jury on the lesser included offense of possession of cocaine where there was uncontradicted evidence that the defendant possessed more than 28 grams of cocaine. Similarly, in this case, the State presented uncontradicted evidence that the cocaine seized by police weighed more than 28 grams. Officers reported that the cocaine weighed approximately 62 grams in the field. Jennifer Price-Mills, a forensic chemist with the Charlotte-Mecklenburg Police Department, testified that she calculated the net weight without packaging of the cocaine to be 47.65 grams. Although there was conflicting evidence regarding the weight of the cocaine, all of the evidence was that the total amount of the cocaine seized by police weighed more than 28 grams. Accordingly, we conclude that the trial court did not err.
Defendant next argues that the trial court erred by failing to dismiss the charge of possession with intent to sell or deliver marijuana because the State purportedly conceded during closing argument that the evidence was insufficient. However, we decline to review Defendant's argument. None of Defendant's assignments of error concern the State's purported concession that it lacked evidence to convict him. Thus, Defendant failed to properly preserve this issue for appellate review because his assignment of error sets forth a different ground for review than that argued on appeal. See N.C.R. App. P. 10(a), 10(c)(1), 28(b)(6).
Defendant finally argues that the trial court committed plain error by instructing the jury on possession with intent to sell or deliver marijuana and the lesser included offense of possession of marijuana. Defendant again argues that the State conceded there was insufficient evidence to support the charge, and thus the jury should not have been instructed on the greater offense. Defendant claims that submission of the greater charge may have resulted in a compromise verdict. We are not persuaded.
"A plain error is one `so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.'" State v. Carroll, 356 N.C. 526, 539, 573 S.E.2d 899, 908 (2002) (quoting State v. Bagley, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), cert. denied, Bagley v. North Carolina, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988)), cert. denied, Carroll v. North Carolina, 539 U.S. 949, 156 L. Ed. 2d 640 (2003). The plain error rule should be applied cautiously and only in the exceptional case where the error is so prejudicial that justice cannot have been done. State v. Baldwin, 161 N.C. App. 382, 388, 588 S.E.2d 497, 503 (2003). Furthermore, "even when the `plain error' rule is applied, `[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.'" State v. Odom, 307 N.C. 655, 660-61, 300 S.E.2d 375, 378 (1983) (quoting Henderson v. Kibbe, 431 U.S. 145, 154, 52 L. Ed. 2d 203, 212 (1977)). "In deciding whether a defect in the jury instruction constitutes `plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." Id.
In this case, Defendant was acquitted of the instructed charge. Defendant's claim that instruction on the greater charge affected the other verdicts, or led to a compromise verdict, is purely speculative, and falls short of "fundamental" error. We find no error.
No error.
Chief Judge MARTIN and Judge HUNTER concur.
Report per Rule 30(e).