STATE OF NORTH CAROLINA, Plaintiff,
v.
ROBERT TRAMEL McCORKLE, Defendant.
No. COA07-325
Court of Appeals of North Carolina.
Filed December 18, 2007
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Melissa H. Taylor, for the State.
William D. Auman for Defendant-Appellant.
STROUD, Judge.
Defendant appeals from judgment entered on or about 8 November 2006 by Judge J. Gentry Caudill in Superior Court, Lincoln County convicting defendant of felony possession of cocaine after a jury trial. Defendant appeals and presents three questions before this Court: (1) Whether the trial court abused its discretion in denying defendant's motions to continue and appoint substitute counsel; (2) whether the trial court erred in partially denying defendant's motion to suppress in violation of the U.S. Constitution; and (3) whether the trial court erred by failing to dismiss the charges against defendant because the evidence wasinsufficient as a matter of law. For the following reasons, we find no error.

I. Background
The State presented evidence tending to show the following: On 6 November 2005 patrol officer Todd Spitzer ("Deputy Spitzer") and deputy/field training officer Terrence Smith ("Deputy Smith") with the Lincoln County Sheriff's Office ("Sheriff's Office") were on routine patrol on McIntosh Road at approximately 3:30 a.m. The Sheriff's Office had an agreement with a property owner that the deputies could act as agents for the owner. The agreement meant that deputies could patrol the property, detain and question individuals who were on the property, and possibly even charge the individuals with trespassing.
When the deputies approached McIntosh Road they saw a male and female in a white pickup truck and defendant beside the truck in the area where the deputies were authorized to act as agents. Defendant was beside the truck on the passenger side as the deputies approached the truck from the front and parked to prevent the individuals from leaving. Deputy Spizter got out of the patrol car and stood behind the truck. Deputy Smith stood in front of the truck and asked defendant to come speak with him. Defendant paced back and forth acting very "erratic" and flailed his hands in the air several times. The deputies saw a shiny object fly from the defendant's hands and land in the grass approximately thirty feet away. Deputy Spitzer handcuffed and detained defendant for officer safety. Deputy Smith picked up the object which defendant had thrown into the grass. He had not lost sight of the object since it had left defendant's hands. The object was a silver vial with a screw top lid. Deputy Smith asked defendant if the vial he recovered was defendant's. The deputies then searched the truck and questioned the two individuals in the truck. The individuals in the truck claimed to be in the area to buy dogs. The deputies allowed the individuals in the truck to leave the scene.
Deputy Smith then opened the vial and found cocaine inside. Approximately ten feet from where defendant was standing when they arrived at the scene, the deputies also found a crack pipe. Defendant was taken into custody and placed in the patrol car where he claimed he had an addiction and needed help. Defendant was taken to the Sheriff's Office for processing.
On 5 December 2005 defendant was indicted for felony possession of cocaine and possessing drug paraphernalia. Trial was scheduled on 6 November 2006. Before the trial began defendant, through his attorney, requested that the court continue his case, and pro se requested that the court appoint him substitute counsel as he did not feel his attorney was prepared. After speaking with defendant's attorney the trial court continued the case for one day, giving defendant and his attorney time to prepare, but did not appoint substitute counsel. Defendant's attorney indicated to the court that one day would be enough time to speak further with defendant. On 7 November 2006, the day of the continued trial, defendant made a motion to suppress which was granted in part and denied in part. The denial resulted in the admission of evidence of defendant's statement in the patrol car regarding his addiction and needing help. Defendant was convicted by a jury of felony possession of cocaine. On 8 November 2006 defendant was sentenced. Defendant appeals.
Defendant assigns error to: (1) the trial court's denial of his motions to continue and appoint substitute counsel, (2) the trial court's partial denial of his motion to suppress, and (3) the trial court's failure to dismiss the charges. For the following reasons, we find no error.

II. Defendant's Pretrial Motions
A. Motion to Continue
Defendant assigns error to the denial of his motion to continue his case and requests a new trial.
[A] motion for a continuance is ordinarily addressed to the sound discretion of the trial judge whose ruling thereon is not subject to review absent a gross abuse . . . . Denial of a motion for a continuance . . . is . . . grounds for a new trial only upon a showing by defendant that the denial was erroneous and that [the] case was prejudiced thereby.
State v. Searles, 304 N.C. 149, 153, 282 S.E.2d 430, 433 (1981) (internal citations omitted). North Carolina General Statute § 15A-952(g) also requires that "[i]n superior or district court, the judge shall consider . . . in determining whether to grant a continuance . . . "[w]hether the failure to grant a continuance would be likely to result in a miscarriage of justice[.]" N.C.Gen. Stat. § 15A-952(g) (2005). "Continuances should not be granted unless the reasons therefor are fully established. Hence, a motion for continuance should be supported by an affidavit showing sufficient grounds." State v. Stepney, 280 N.C. 306, 312, 185 S.E.2d 844, 848 (1972).
In Searles the defendant made an oral motion to continue his trial to locate a potential alibi witness. Id. at 154-55, 282 S.E.2d at 434. The court continued the trial for two days. Id. at 153, 282 S.E.2d at 433. After the two days defendant did not request another continuance. Id. at 156, 282 S.E.2d at 434-35. This Court determined that the trial court did not err in granting a "short" continuance as the defendant had ample time to prepare, a little less than two months from the appointment of counsel until trial, had met with his attorney at least once, and failed to raise the issue at the continued trial. Id. at 154-56, 282 S.E.2d at 433-35.
We first note that though the trial judge did state he was denying defendant's motion to continue, in addressing defendant's motion to appoint substitute counsel, the trial judge did actually continue the case for one day to give defendant more time to discuss the case with his attorney. In the present case defendant had ample time to prepare. Counsel was appointed on or about 24 July 2006. Trial was not held until 7 November 2006. Here defendant had over three months to prepare compared to the less than two months in Searles that were determined to be sufficient time for preparation. Id. at 154, 282 S.E.2d at 433. Defendantalso informed the trial court in making his motion that he had met with his attorney four or five times. The court in Searles only knew of one time the defendant had met with his attorney and still found a two day continuance not to be in error. Id. Defendant also failed to make a motion for further continuance the next day at his continued trial and did not support his motion with "an affidavit showing sufficient grounds." See Stepney at 312, 185 S.E.2d at 848; see Searles at 156, 282 S.E.2d 434-35.
The trial judge also questioned defendant's counsel regarding his trial preparation and the record reflects that the trial court did indeed consider whether denying the motion to continue "would be likely to result in a miscarriage of justice" and determined this not to be the case. N.C. Gen. Stat. § 15A-952(g). We find no abuse of discretion or error in the trial court's determination to continue the trial for only one day. See Searles at 153, 282 S.E.2d at 433. This assignment of error is overruled.
B. Motion to Appoint Substitute Counsel
Defendant also assigns error to the trial court's failure to appoint substitute counsel. "Absent a showing of a [S]ixth [A]mendment violation", we review the denial of a motion to appoint substitute counsel under an abuse of discretion standard. State v. Hutchins, 303 N.C. 321, 336, 279 S.E.2d 788, 798 (1981).
While it is a fundamental principle that an indigent defendant in a serious criminal prosecution must have counsel appointed to represent him, Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, L. Ed. 2d 799 (1963), an indigent defendant does not have the right to have counsel of his choice appointed to represent him. This does not mean, however, that a defendant is never entitled to have new or substitute counsel appointed. A trial court is constitutionally required to appoint substitute counsel whenever representation by counsel originally appointed would amount to denial of defendant's right to effective assistance of counsel, that is, when the initial appointment has not afforded defendant his constitutional right to counsel. Thus, when it appears to the trial court that the original counsel is reasonably competent to present defendant's case . . . denial of defendant's request to appoint substitute counsel is entirely proper.
State v. Thacker, 301 N.C. 348, 351-52, 271 S.E.2d 252, 255 (1980) (internal citations omitted) (emphasis in original).
In State v. Anderson, the defendant pro se requested her attorney be relieved from her case. 350 N.C. 152, 164, 513 S.E.2d 296, 304, cert. denied, 528 U.S. 973, 145 L. Ed. 2d 326 (1999). The trial court denied the motion. Id. at 168, 513 S.E.2d at 306. This Court found no error stating that "[n]othing in the record indicates . . . . [counsel] did not serve as a zealous advocate for defendant throughout the entire time in which he represented . . . [and] the effectiveness of representation cannot be gauged by the amount of time counsel spends with the accused[.]" Id. at 167-68, 513 S.E.2d at 306.
In the present case defendant informed the trial court he had met with his attorney four or five times. Defendant's complaint about his counsel was that he had not spent enough time on the case. Upon being questioned by the trial judge, defendant's attorney stated, "I have had more than enough time to review the evidence . . . . I have reviewed all the evidence. I have . . . documented . . . the evidence itself. I am prepared." In denyingthe motion to appoint substitute counsel the trial judge stated, "Looking through the file and listening to both [defendant] and [defendant's counsel], I feel that he has done a quite competent job of representing his client and will continue to do so. I'm familiar with [defendant's counsel's] abilities and feel quite comfortable with him representing his client."
It is apparent from the transcript that the trial court considered defendant's counsel to be "reasonably competent" and in its discretion determined not to appoint substitute counsel. See Thacker at 152, 271 S.E.2d at 255. Just as in Anderson, there is "[n]othing in the record indicat[ing] . . . [counsel] did not serve as a zealous advocate for defendant throughout the entire time in which he represented [him] . . . [and] the effectiveness of representation cannot be gauged by the amount of time counsel spends with the accused[.]" Anderson at 167-68, 513 S.E.2d at 306. We discern no abuse of discretion in the denial of defendant's motion to appoint substitute counsel. Hutchins at 336, 279 S.E.2d at 798. This assignment of error is overruled.

III. Motion to Suppress
Defendant next assigns error to the trial court's partial denial of his motion to suppress. Defendant contends that the statements made while he was in the patrol car should have been suppressed. The trial court's finding of fact number 18 regarding the motion to suppress was that "[d]uring the drive to the jail, no questions were asked of [d]efendant. However, [d]efendantvolunteered that he had an addiction and needed help and that he had made his bed and would have to lie in it."
"The trial court's findings of fact were not excepted to on appeal; therefore, they are not reviewable." State v. Watkins, 337 N.C. 437, 438, 446 S.E.2d 67, 68 (1994). In State v. Cheek, the defendant appealed the trial court's denial of his motion to suppress his statements on the grounds, inter alia, that they were not voluntary. 351 N.C. 48, 62, 520 S.E.2d 545, 554 (1999), cert. denied, 530 U.S. 1245, 147 L. Ed. 2d 965 (2000). Our Supreme Court stated,
In this assignment of error, defendant has failed to specifically except to any of the trial court's findings of fact relating to this motion. Defendant has additionally failed to identify in his brief which of the trial court's . . . findings of fact are not supported by the evidence. Therefore, this Court's review of this assignment of error is limited to whether the trial court's findings of fact support its conclusions of law.
Id. at 63, 520 S.E.2d at 554. After reviewing the record, the Supreme Court overruled the defendant's assignment of error stating that "police coercion is a necessary predicate to a determination that a waiver or statement was not given voluntarily, and without police coercion, the question of voluntariness does not arise within the meaning of the Due Process Clause of the Fourteenth Amendment." Id. (quoting State v. Morganherring, 350 N.C. 701, 722, 517 S.E.2d 622, 635 (1999), cert. denied, 529 U.S. 1024, 146 L. Ed. 2d 322 (2000) (quoting State v. McKoy, 323 N.C. 1, 21-22, 372 S.E.2d 12, 23 (1988), cert. granted, 489 U.S. 1010, 103 L. Ed.2d (1989), vacated on other grounds, 494 U.S. 433, 108 L. Ed. 2d 369 (1990))) (internal quotations omitted).
In the present case we have also thoroughly reviewed the record and find no evidence of police coercion or to support defendant's contention that his statements were not voluntary. See id. Defendant's own brief does not even argue that his statements were coerced, but instead suggests that "it is hard to believe that nothing was said to provoke an unsolicited response on the part of [defendant]." Both of the deputies testified that defendant made the statements in the patrol car regarding his addiction voluntarily and without any questioning from them. We find the trial court's finding of fact that defendant's statements were voluntary does support its implied conclusion of law that defendant's statement in the patrol car should not be excluded. See Cheek at 63, 520 S.E.2d at 554. Defendant's motion to suppress on this issue was properly denied. This assignment of error is overruled.

IV. Motion to Dismiss
Lastly defendant assigns error to the trial court's failure to dismiss the charges against him because the evidence was insufficient to establish defendant was in possession or had control of the cocaine recovered at the scene. "The elements of felony possession are (1) defendant (2) knowingly possesses (3) cocaine." State v. Burnette, 158 N.C. App. 716, 720, 582 S.E.2d 339, 342 (2003).
Our standard of review of a trial court's ruling on a motion to dismiss for insufficientevidence is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion. The evidence must be viewed in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.
State v. Prush, ___ N.C. App. ___, ___, 648 S.E.2d 556, 558 (2007) (internal citations and internal quotations omitted).
Defendant argues State v. Acolastse supports his contention. 158 N.C. App. 485, 581 S.E.2d 807 (2003). In Acolastse, the defendant was approached by the police and ran. Id. at 486, 581 S.E.2d at 808-809. The police chased defendant and at one point lost sight of him. Id. at 486-87, 581 S.E.2d at 809. One of the officers claimed they saw defendant make a throwing motion toward some bushes. Id. at 487, 581 S.E.2d at 809. Later, cocaine was recovered on the roof of one of the houses defendant had been around, though not near the bushes. Id. Defendant was found guilty of "possession with intent to sell and deliver cocaine and trafficking in cocaine by possession." Id. On appeal this Court reversed, disagreeing with the State's contention that "the evidence placing the defendant in close juxtaposition to the cocaine, the money ($830.00) found on defendant's person in denominations consistent with the sale of controlled substances and the defendant's throwing motion are sufficient incriminatingcircumstances from which one can infer constructive possession." Id. at 489-91, 581 S.E.2d at 810-11.
Acolastse however is quiet different from the present case as defendant was observed to be in actual possession of the cocaine. See id. "A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." State v. Reid, 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192 (2002).
The present case is more on point with State v. Wilder where the officer saw the defendant throw something into some bushes and later cocaine was discovered in the bushes in a bag matching the officer's description of the object thrown into the bushes. 124 N.C. App. 136, 140, 476 S.E.2d 394, 397 (1996). This Court found no error in the trial court's denial of the defendant's motion to dismiss because there was substantial evidence of each essential element of the crime charged, including possession. Id.
In the present case not only did Deputy Smith see defendant throw an object, as in Wilder, but here the deputy did not lose sight of the object. See id. The State asked Deputy Smith, "At any point did you lose sight of that object from when it left [defendant's] hand to when it fell on the ground?". Deputy Smith responded, "No, ma'am, I kept it in sight the whole time." Deputy Smith's testimony would not only be enough to "persuade a rational juror to accept a conclusion" of "constructive possession," but would also allow a conclusion of "actual possession" as itestablishes the cocaine was on defendant, he was aware of it, and he had the power and intent to control its disposition. Prush at ___, 648 S.E.2d at 558; Reid at 429, 566 S.E.2d at 192. We find substantial evidence as to each element of felony possession of cocaine and that defendant was indeed the perpetrator. See Prush at ___, 648 S.E.2d at 558. This assignment of error is overruled.

V. Conclusion
For the foregoing reasons, we find the trial court properly ruled on defendant's motion to continue, motion to appoint substitute counsel, motion to suppress, and motion to dismiss. Therefore, we find no error.
NO ERROR.
Chief Judge MARTIN and Judge ARROWOOD concur.
Report per Rule 30(e)